Barry I. Levy (BL 2190)
Brian L. Bank (BB 5995)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone:    (516) 357-3000
Facsimile:    (516) 357-3333

*Counsel for Defendant Archdiocese of New York*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
HUDSON NEUROSURGERY, PLLC                    Docket No.:

                          Plaintiffs,

          vs.

ARCHDIOCES OF NEW YORK,

                          Defendants.
--------------------------------------------------------------------X

### NOTICE OF REMOVAL

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant ARCHDIOCESE OF NEW

YORK ("Defendant"), by and through its undersigned counsel, Rivkin Radler LLP, hereby gives

notice of the removal of the above-captioned matter from the Supreme Court of the State of New

York, County of Westchester, where the action is now pending, to the United States District

Court for the Southern District of New York, and respectfully states as follows:

1.    Plaintiff HUDSON NEUROSURGERY PLLC ("Plaintiff") commenced this

action (the "Action") on or about March 25, 2024, through the filing of a Summons and Verified

Complaint (the "Complaint") against Defendant in the Supreme Court of the State of New York,

County of Westchester, under Index No. 59170/2024.  Annexed hereto as Exhibit "A" is a copy

of all process, pleadings, and/or orders that have been filed in the Action and/or served upon Defendant, as required by 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed within thirty (30) days of the receipt by Defendant of the Complaint and, therefore, is timely filed pursuant to 28 U.S.C. §§ 1441, 1446(b).

3.      Removal of this action is proper because this is a civil action in which Plaintiff seeks monetary relief in excess of $75,000.00 against Defendant and there is, upon information and belief, complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiff and Defendant.

4.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this action is pending in Westchester County, which is within the Southern District of New York.

**I.**
**Nature of the Case**

5.      This Action is of a civil nature in which Plaintiff purports to seek monetary damages against Defendant in connection with Plaintiff's alleged rendering of medical treatment to an individual alleged to be insured by Defendant.

6.      Specifically, in the Complaint, Plaintiff alleges that on March 26, 2021, Plaintiff – an on-call surgeon for the emergency room at St. John's Riverside Hospital in Yonkers, New York – rendered emergency medical and surgical procedures on a patient who allegedly presented with debilitating neck and right shoulder paid.  See Ex. A at ¶¶ 3, 5-8.

7.      Plaintiff further alleges that it submitted claims totaling $498,842.00 to Defendant, who is allegedly the insurer of the patient's health insurance coverage, but Defendant paid only $29,116.67 of the claim.  See Ex. A at ¶¶ 4, 12-13.

8.      Plaintiff asserts a single cause of action sounding in unjust enrichment and seeks an award of compensatory damages in an amount of $469,725.33 as well as such other and further relief as the Court deems just and proper.  See Ex. A at ¶¶ 14-22, WHEREFORE.

**II.**
**The Requirements for Removal Are Satisfied**

9.      The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

**A.      Diversity of Citizenship**

10.     Plaintiff is a New York professional limited liability company with its principal place of business in Westchester, New York.  See Ex. A at ¶ 1.  Upon information and belief, at the time this lawsuit was filed and as of the date of this notice, Plaintiff was and is a citizen of the State of New Jersey.  It is well-settled that a limited liability company is a resident of the state or states where its individual members reside.  See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019).  Pursuant to the certified Articles of Organization filed by Plaintiff in 2017, the only member of the company is Haroon Choudhri, M.D., who lists his residence address as Alpine, New Jersey.  Annexed hereto as Exhibit "B" is a certified copy of the Articles of Organization filed by Plaintiff with the New York State Secretary of State.  In addition, an address search for Dr. Choudhri indicates his most recent home address to be located in Alpine, New Jersey.  Annexed hereto as Exhibit "C" is a copy of the complete address search for Dr. Choudhri.  Notably, Dr. Choudhri verified the Complaint before a notary public in Bergen County, New Jersey – the county in which Alpine is located.  See Ex. A.  Therefore, Plaintiff is a resident of the State of New Jersey for the purposes of diversity jurisdiction.  Defendant is unaware of any other state or jurisdiction in which Plaintiff is a citizen for purposes of 28 U.S.C. § 1332.

11.     At the time this lawsuit was filed and as of the date of this notice, Defendant was and is a citizen of the State of New York because it is a New York not-for-profit corporation with its principal place of business located in New York, New York.  See Ex. A at ¶ 2; 28 U.S.C. § 1332(c)(1).  Defendant is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.  Plaintiff purported to serve Defendant by mailing the Complaint on April 5, 2024.  See Ex. A.

12.     Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.     Amount in Controversy**

13.     On its face, the Complaint seeks compensatory damages in the amount of $469,725.33, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a)(1). See Ex. A at ¶ WHEREFORE.

**III.**
**The Other Procedural Requisites for Removal are Satisfied**

14.     Removal is timely under 28 U.S.C. §§ 1446(b), 1453 because the Complaint is the first pleading, motion, Order, or other paper from which it could first be ascertained that this action is one which is or has become removable.  This Notice of Removal is filed within thirty (30) days of receipt of a copy of the Complaint, which was filed on March 25, 2024 and purportedly served via U.S. Mail on April 5, 2024.  Pursuant to 28 U.S.C. § 1446(a), the Complaint is annexed hereto as part of Exhibit "A".

15.     Defendant will give written notice to Plaintiff (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

16.     A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by Defendant with the Clerk of the Supreme Court of the State of New York,

County of Westchester, as required by 28 U.S.C. § 1446(d). Defendant has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

**IV.**
**<u>Conclusion</u>**

17.     For all the foregoing reasons, Defendant respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law. Defendant intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleading.

Dated: Uniondale, New York
         May 6, 2024

Respectfully submitted,
RIVKIN RADLER LLP

By: /s/ Brian L. Bank
         Barry I. Levy (BL 2190)
         Brian L. Bank (BB 5995)
926 RXR Plaza
Uniondale, New York 11556
Telephone:     (516) 357-3000
Facsimile:     (516) 357-3333

*Counsel for Defendant Archdiocese of New York*

4881-2172-8188, v. 1