# EXHIBIT A

6851 Jericho Turnpike
Suite 180
Syosset, NewYork 11791

**Personal & Confidential**



UNITED STATES POSTAGE
PITNEY BOWES
02 1P         $ 000.88⁰
0004763757  APR 05 2024
MAILED FROM ZIP CODE 11791



Leahey & Johnson PLLC
o/o Archdioces
120 Wall Street # 2220
New York, NY 10005

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Westchester

-----------------------------------------------------------------x
Hudson Neurosurgery, PLLC

                                    Plaintiff/Petitioner,

              - against -                          Index No. 59170/2024

Archdioces of New York

                                  Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: March 25, 204

Richard Hochhauser, esq.
Name
Law Office of Richard Hochhauser PLLC

Firm Name

1225 Franklin Avenue, Suite 325
Address

Garden City, NY 11530

516-939-1529
Phone

RH@hochhauserLaw.com
E-Mail

To: Archdiocies of New York

FILED: WESTCHESTER COUNTY CLERK 03/25/2024 01:00 PM  INDEX NO. 59170/2024
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 03/25/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------X

Hudson Neurosurgery, PLLC

          Plaintiff,

    -against-

Archdioces of New York,

          Defendant.

-------------------------------------X

**SUMMONS**

**Index No. 59170/2024**

To the Peron(s) Named as Defendant(s) Above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: March 25, 2024

                                              Law Office of Richard Hochhauser, PLLC

                                              By: Richard Hochhauser, esq.
                                              1225 Franklin Avenue, Suite 325
                                              Garden City, New York 11530
                                              516-939-1529
                                              RH@HochhauserLaw.com

Venue: Plaintiff designates Westchester County as the place of trial. The basis of this designation is that Plaintiff's principal place of business is located in Westchester County.

FILED: WESTCHESTER COUNTY CLERK 03/25/2024 01:00 PM             INDEX NO. 59170/2024
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 03/25/2024

SUPREME COURT OF THE STATE OF NEW YORK
WESTCHESTER COUNTY
------------------------------x
HUDSON NEUROSURGERY, PLLC

                         Plaintiff,

-against-

ARCHDIOCES OF NEW YORK,

                       Defendant.
------------------------------x

Index No. 59170/2024

**VERIFIED COMPLAINT**

Plaintiff Hudson Neurosurgery, PLLC, ("Hudson"), as and for its verified complaint "Complaint") against Archdioces of New York ("Defendant"), alleges as follows:

**I.     PARTIES**

1. Plaintiff Hudson Neurosurgery, PLLC ("Plaintiff" or "Hudson") is a professional limited liability company formed under the laws of New York and with its principles place of business located in Westchester County, New York. Plaintiff is a medical practice specializing in neurosurgery.

2. At all times material, Defendant ARCHDIOCESE OF NEW YORK (hereinafter referred to as "Defendant") is a domestic not-for-profit organization duly existing by virtue of the laws of the State of New York, and which does business in the State of New York, with a principal place of business located at 1011 1st Ave., New York, NY 10022

II. **FACTS**

3. On or about March 26, 2021, patient "J.H.", a then 44 year old male, (hereafter referred to as "Patient") reported to the St. John's Riverside Hospital emergency room, located in Yonkers, Westchester County, New York, in an emergency condition.

4. At all relevant times, Defendant was the insurer of Patient's health insurance coverage.

5. Plaintiff was the on-call surgeon for the emergency room at that time.

6. Patient presented to the emergency room in severe agony with debilitating neck and right shoulder pain, including acute disc herniations, and spinal cord and nerve root compression. Patient was unable to use his right arm.

7. The symptoms which were presented were such that a prudent layperson could reasonably expect the absence of immediate medical attention would result in the Patient's health being in serious jeopardy, serious impairment to Patient's bodily functions, and/or serious disfigurement of Patient.

8. Due to its legal obligation to perform emergency procedures on all patients who present to the emergency room in an emergency condition, regardless of insurance status, Plaintiff provided emergency medical and surgical procures (the "Services") on Patient.

9. The Services included Interbody Cage (Corpectomy), C5 Caudal Hemicorpectomy with resection of Osteophytes and Posterior Longitudinal Ligament (technically challenging), C6 Corpectomy with resection of Osteophytes and Posterior Longitudinal Ligament, C7 Corpectomy with resection of Osteophytes and Posterior Longitudinal Ligament, T1 Rostral

Hemicorpectomy with resection of Osteophytes and Posterior Longitudinal Ligament, Anterior Instrumentation C5-T1 (technically challenging), Fluoroscopy, Microdissection, C56 Arthrodesis, C67 Arthrodesis, C7T1 Arthrodesis, C7 Anterior Osteotomy (technically challenging), T1 Anterior Osteotomy (technically challenging), Local Autograft, and Deformity Correction (restoration of lordosis).

10. Plaintiff submitted insurance claims for Defendant to pay for the Services via Defendant's insurance administrator, United Healthcare.

11. United Healthcare is Defendant's agent in administering Defendant's health insurance coverage to Defendant's insureds.

12. Plaintiff submitted claims totaling $498,842.00 for the Services to be paid by Defendant.

13. However, on November 30, 2021, Defendant paid only $29,116.67 for the Services.

**COUNT 1: Unjust Enrichment**

14. Plaintiff repeats and realleges paragraphs 1 through 13 hereof, as if fully set forth herein.

15. Plaintiff is an out of network provider with Defendant, and therefore Plaintiff has no contract with Defendant or its administrators that would establish a contractual rate of payment for Plaintiff's services.

16. This is true for all out-of-network providers.

17. However, Plaintiff is required under state and federal law to provide treatment to all patients who present at emergency departments with emergency conditions. The federal Emergency Medical Treatment and Labor Act ("EMTALA") provides that hospitals and physicians have a duty to "provide for an appropriate medical screening examination" when an individual comes to the emergency department. 42 U.S.C. §§ 1395dd(a)–(b), (d), (h). If "the individual has an emergency medical condition," Plaintiff is required to "stabilize the medical condition" without inquiry into "the individual's method of payment or insurance status." *Id*. Further "any physician who is responsible for the examination, treatment, or transfer of an individual in a participating hospital" who negligently violates EMTALA is subject to civil monetary penalties of up to $50,000 per violation. 42 U.S.C. § 1395dd(d)(1)(B).

18. Additionally, pursuant to New York law, "[a]ny licensed medical practitioner who refuses to treat a person arriving at a general hospital to receive emergency medical treatment ... shall be guilty of a misdemeanor and subject to a term of imprisonment not to exceed one year and a fine not to exceed one thousand dollars." N.Y. Pub. Health Law § 2805-b(2)(b).

19. Recognizing that out-of-network providers have a legal obligation to treat an emergency condition, our courts have held that such providers are legally entitled to be paid a "reasonable" rate for their services, and that the failure of an insurer to pay a reasonable amount for the services of an out-of-network emergency provider constitutes a claim for unjust enrichment against the insurer. *See New York City Health & Hosps. Corp. v. Wellcare of New York, Inc.*, 937 N.Y.S.2d 540, 545 (Sup. Ct. 2011); *Emergency Physician Servs. of New York v. UnitedHealth Grp., Inc.*, No. 20-CV-9183 (AJN), 2021 WL 4437166 (S.D.N.Y. Sept. 28, 2021); *AA Medical, PC v. Centene Corporation*, No. 21-CV-5363 (JS) (ST) (EDNY, June 30, 2023).

20. Here, Defendant has been unjustly enriched by discharging its obligation owed to its insured, and by failing to pay Plaintiff for the reasonable value of the Services.

21. Defendant has also been directly unjustly enriched because as a self-funded insurer, it is enriched by maintaining the proceeds of the insurance fund that is not paid out on claims. Therefore, Defendant is directly enriched by paying out less than what is reasonable or required on claims such as this.

22. It would be inequitable and against good conscience to permit Defendant to retain the benefit of discharging its obligation to its insured, without complying with its legal obligations to pay Plaintiff for the reasonable value of emergency services performed on Defendant's insured.

**WHEREFORE**, Plaintiff requests judgment in the amount of $469,725.33, and such other and further relief as the Court deems just and proper.

Dated: March 23, 2024
Garden City, NY 11530

Respectfully submitted,

By: /s Richard Hochhauser

Richard Hochhauser, Esq.
Bar Number: 5301452
rh@hochhauserlaw.com
Law Office of Richard Hochhauser, PLLC
1225 Franklin Avenue, Ste. 325
Garden City, NY 11530
(516)939-1529
*Attorneys for Plaintiff*

**VERIFICATION**

STATE OF New Jersey )
                    )ss.:
COUNTY OF Bergen    )

Haroon F. Choudhri, being duly sworn, deposes and states:

I am the owner of Hudson Neurosurgery, PLLC, the Plaintiff in this action. I have read the foregoing Verified Complaint, and its factual contents are true to my personal knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true.

_____
Haroon F. Choudhri, M.D.

Sworn to me this 23 day of March, 2024

_____
Notary Public

KENNETH E POTTS
Notary Public, State of New Jersey
My Commission Expires Mar 6, 2027