

**BARRY I. LEVY**
PARTNER
(516) 357-3444
Barry.levy@rivkin.com

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333
WWW.RIVKINRADLER.COM

**MEMO ENDORSED**

February 18, 2025

**By ECF**
Hon. Kenneth M. Karas, U.S.D.J.
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   Hudson Neurosurgery, PLLC v. Archdiocese of New York
      Docket No.: 7:24-cv-03489-KMK

Dear Judge Karas:

This Firm represents Defendant Archdiocese of New York ("Defendant") in the above-referenced action.

I write on behalf of the Defendant Archdiocese of New York ("Defendant") and with the consent of the Plaintiff's counsel for the purposes of requesting that the Court permit the Defendant to file under seal, certain documents relating to the Defendant's motion for summary judgment that contain personal identifying information and/or personal health information. While some of this information is covered by Fed. R. Civ. Proc. 5.2(a)(e.g. social security number and date of birth), the vast majority of it is outside the specific scope of the rule.

As the Court is aware, this is claim in which a healthcare practice is seeking payment for surgical services that it performed in March of 2021 on an individual that was its patient and enrolled in a group health benefits plan sponsored by the Defendant. In order to properly present its motion for summary judgment, Defendant has been required to identify and discuss throughout its papers the identity of the individual and the specifics relating to his care and treatment, because one of the core questions is whether the surgery performed by the Plaintiff comes within the scope of EMTALA.

Among the documents that the Defendant would propose to redact/seal would include the following:

1. Defendant's memo of law – redaction of the identity of the individual that is referred to in the papers as the "Patient". By redacting the name, the remaining discussion in the memo of law about the care and treatment becomes non-descript because it does not identify to any specific individual.

66 South Pearl Street
Albany, NY 12207-1533
T 518.462.3000  F 518.462.4199

25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460  F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925  F 904.467.3461

477 Madison Avenue
New York, NY 10022-5818
T 212.455.9555  F 212.687.9044

2649 South Road, Suite 100
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777

**RIVKIN RADLER**
ATTORNEYS AT LAW

Hon. Kenneth M. Karas, U.S.D.J.
January 18, 2025
Page 2

---

2. Defendant's Rule 56.1 Statement – redaction of the identity of the individual that is referred to in the papers as the "Patient". By redacting the name, the remaining discussion in the memo of law about the care and treatment becomes non-descript because it does not identify to any specific individual.

3. Defendant's Exhibits in Support – Defendant has identified 15 exhibits (identified as A through O) in support of its Motion for Summary Judgment, and would request permission as follows:

    A. Allowing to Defendants to file under seal, the declarations and accompanying hospital/medical records associated with the physicians at St. John's Hospital who treated the Patient between March 25, 2021 and March 26, 2021 (Exhibits D, E and F).

    B. Allowing Defendants to file under seal, the deposition transcripts of Dr. Choudhri and the Plaintiff's staff (Exhibits G, H, I and J);

    C. Allowing Defendants to file under seal the medical records from the Plaintiff's files, the communications between the Plaintiff and St. John's Hospital, the communications between Plaintiff and United Healthcare, and the Provider Remittance Advice provided to Plaintiff by United and the Single Case Agreement (Exhibits K through O).

If the Court would prefer that Defendant make redactions (to the extent possible) rather than filing the exhibits identified in Section 3 above under seal, we can certainly do so.

We thank the Court for its attention to this matter.

Respectfully submitted,
RIVKIN RADLER LLP

/s/ Barry I. Levy
Barry I. Levy

cc: All Counsel (via ECF)

4937-8721-2828, v. 1

Granted.
SO ORDERED.

2/18.2025