UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUDSON NEUROSURGERY, PLLC,<br>*Plaintiff*,<br>v.<br>ARCHDIOCESE OF NEW YORK,<br>*Defendant*. | No. 24-CV-3489 (KMK)<br>OPINION & ORDER |

Appearances:

Richard A. Hochhauser, Esq.
Law Office of Richard Hochhauser, PLLC
Garden City, NY
*Counsel for Plaintiff*

Barry I. Levy, Esq.
Brian L. Bank, Esq.
Rivkin Radler, LLP
Uniondale, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Hudson Neurosurgery, PLLC, ("Plaintiff") brings this Action against the Archdiocese of New York ("Defendant"), alleging an unjust enrichment claim related to Plaintiff's performing surgery on an individual ("Patient") who was an eligible dependent under a healthcare plan sponsored by Defendant. (*See generally* Compl. (Dkt. No. 1-1).) On September 23, 2025, this Court issued an Opinion & Order granting in part and denying in part Defendant's Summary Judgment Motion. *See Hudson Neurosurgery, PLLC v. Archdiocese of N.Y.*, No. 24-CV-3489, 2025 WL 2708398, at *8 (S.D.N.Y. Sept. 23, 2025). On October 7, 2025, Defendant submitted a Motion for Reconsideration. (*See* Def.'s Mot. for Recons. ("Def.'s" Mem.") (Dkt No. 49).)

Plaintiff submitted its Opposition on November 04, 2025. (*See* Pl.'s Mot. in Opp'n to Reconsideration ("Pl.'s Opp.") (Dkt. No. 52).) Defendant submitted its Reply on November 17, 2025. (*See* Reply Mem. (Def.'s Reply") (Dkt. No. 53).) For the reasons stated below, Defendant's Motion is denied.

## I. Discussion

### A. Standard of Review

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (quotation marks omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they

been considered might reasonably have altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (quotation marks omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV 5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523 (same).

B. Unjust Enrichment

Defendant's argument rests on a misunderstanding of this Court's September 23, 2025 Opinion & Order. In its Motion for Summary Judgment, Defendant raised two arguments as to why Plaintiff could not bring an unjust enrichment claim in relation to Plaintiff's providing care to the Patient who was an eligible dependent under a healthcare plan sponsored by Defendant. (*See* Def.'s Mot. for Summary Judgment ("Def.'s SJ Mem.") (Dkt. No. 30).) First, Defendant argued that the Single Case Agreement ("SCA") Plaintiff entered into with Defendant was a binding contract that barred Plaintiff's unjust enrichment claim under New York law. (Def.'s SJ Mem. 10.) Second, Defendant claimed that even if the SCA did not bar Plaintiff's claim, the Patient's care was elective and non-emergent, "rendering Emergency Medical Treatment and Labor Act ("EMTALA") inapplicable." (*Id.* 13.) According to Defendant, because no genuine dispute of material fact existed as to either of these claims, summary judgment was warranted as matter of law.

The Court concluded that there was a genuine dispute of material fact as to the second issue. *Hudson Neurosurgery*, 2025 WL 2708398, at *7. Contrary to Defendant's argument, the

Court did not "overlook[] established law and decide[] an issue that was unnecessary to resolve this case," namely whether the "Plaintiff raised a genuine issue of material fact as to whether [EMTALA] applies." (Def.'s Mem. 1.) In fact, EMTALA's applicability bears directly on both issues raised by Defendant, and the Court therefore did not, as Defendant contends, err by "proceed[ing] to analyze whether Plaintiff raised a genuine issue of material fact as to whether EMTALA applies . . . ." (*Id*. 4.) Although the Court used language suggesting that a binding contract existed, that analysis considered only the traditional elements of contract formation without regard to the pre-existing duty question; in other words, the Court found that, setting aside whether a pre-existing duty under EMTALA existed, the agreement bears all of the necessary components of a valid, enforceable contract. *See Hudson Neurosurgery*, 2025 WL 2708398, at *5–6 (finding that the agreement had both offer and acceptance, the terms were not ambiguous, and both Parties demonstrated intent to be bound, and rejecting Plaintiff's arguments that the contract lacked mutuality of obligation, the nature of the promise was illusory, and that the contract suffered from indefiniteness). However, the Court also addressed whether EMTALA's applicability to the Patient's care bears on the validity of the contract. *Id.* at *5 n.2. In no uncertain terms, the Court explained that "if Plaintiff's surgery was elective, then EMTALA did not compel the surgery and the unjust enrichment claim cannot be sustained against Defendant," because the SCA is a valid, enforceable agreement, "and if the surgery was emergent, then EMTALA applies," invalidating the SCA, and allowing "the unjust enrichment claim [to] proceed." *Id.* at *7 (footnote omitted). To the extent that any ambiguity or confusion arose from the Court's previous finding on the validity of the contract, the Court now clarifies that Defendant's claim that a valid, enforceable contract governs the issue in question cannot be resolved without a factual determination as to EMTALA's applicability.

Defendant makes the same arguments on reconsideration as it did at summary judgment, namely that "unjust enrichment is unavailable if there is an express contract governing the same matter," and that "as a matter of law . . . the Single Case Agreement is an enforceable contract," thereby precluding any unjust enrichment claim that Plaintiff had against Defendant. (Def.'s Mem. 1, 4.) These arguments, however, were raised and litigated at the summary judgment stage. In support of its argument that the Court overlooked controlling New York law, Defendant cites many of the same cases cited in its Motion for Summary Judgment. (*Compare* Def.'s Mem. 2–3, *with* Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Summ. J. Mot") 10–11 (Dkt. No. 30) (citing *Goldberg v. Pace Univ.*, 535 F. Supp. 3d 180, 198 (S.D.N.Y. 2021), *Hudson Neurosurgery, PLLC v. UMR, Inc.*, No. 20-CV-9642, 2023 WL 6311218, at *6 (S.D.N.Y. Sept. 28, 2023), *Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430–31 (S.D.N.Y. 2020), *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-CV-2800, 2007 WL 683974, at *10 (S.D.N.Y. Mar. 5, 2007)).) Defendant is correct that New York law clearly establishes the proposition that "a plaintiff may not recover for unjust enrichment if an enforceable contract governs the same subject matter." (Def.'s Mem. 10 (quoting *Goldberg v. Pace Univ.*, 535 F. Supp. 3d 180, 198 (S.D.N.Y. 2021)) (internal quotation omitted).) The Court did not, however, overlook these cases or come to a conclusion contrary to this fundamental proposition. Rather, the Court determined that a genuine dispute of material fact exists as to whether Patient's care was emergent and therefore within the scope of EMTALA. *Hudson Neurosurgery*, 2025 WL 2708398, at *7. To the extent that Defendant disagrees with the Court's emergent/elective framework and its impact on the question of whether a pre-existing duty obligated Defendant to provide reasonable compensation to Plaintiff, these issues may be raised on appeal because Defendant's disagreement with the Court's analysis is not "a basis for reconsideration." *Bryant*

*v. AB Droit Audiovisuels*, No. 07-CV-6395, 2017 WL 2954764, at *2 (S.D.N.Y. July 11, 2017); *see also Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, No. 08-CV-10518, 2011 WL 1347001, at *2 (S.D.N.Y. Apr. 4, 2011) ("The [c]ourt will not re-litigate the merits of the underlying dispute on a motion for reconsideration."), *aff'd*, 495 F. App'x 129 (2d Cir. 2012)). "Because [Defendant] present[s] no new factual information or law that requires a different outcome in the underlying motion, reconsideration is inappropriate." *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429, 2008 WL 4525400, at *4 (S.D.N.Y. Oct. 6, 2008) (citation omitted).

Defendant also raises policy arguments as to the fundamental purpose of EMTALA. Defendant argues that allowing Plaintiff to bring an unjust enrichment claim after the Parties entered into an agreement to settle their claims "would produce absurd results because it would preclude an insurer from negotiating and entering into post treatment/billing agreements with providers[.]" (Def.'s Mem. 7). Whether or not that is the case, this policy argument against applying the pre-existing duty rule was not raised by Defendant in its motion for summary judgment. (*See generally* Def.'s SJ Mem.) Even if such an argument carried legal weight, "[t]he Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration." *Women's Integrated Network, Inc.*, 2011 WL 1347001, at *2.

<u>C. Pre-Existing Duty</u>

Both Parties address at length the issue of whether a pre-existing duty would bar Plaintiff's claim. Plaintiff contends that such a "duty collapses any purported consideration provided by the post hoc SCA. Where consideration fails, no enforceable contract bars an unjust enrichment claim, and Plaintiff may recover the reasonable value of services conferred on Defendant through its beneficiary's emergent care." (Pl.'s Opp. 2.) Defendant rejects this

argument as "flawed" and "incorrect" because any such claim was "compromised by the Single Case Agreement." (Def.'s Mem. 1.)

Before addressing Defendant's arguments on reconsideration, the Court notes that at the summary judgment stage, Defendant raised three arguments as to why the pre-existing duty rule is inapplicable. First, Defendant asserted that "Plaintiff waived any right to a different payment by entering into the Single Case Agreement." (Def.'s Reply Mem. of Law in Further Supp. of Mot. for Summ. J. ("Def.'s Reply Mem. for Summ. J.") 6 (Dkt. No. 43).) Such a waiver of Plaintiff's right to seek payment from Defendant, however, could only inure to Defendant's benefit pursuant to a valid, enforceable contract supported by adequate consideration. *See Coleman v. Sys. Dialing LLC*, No. 15-CV-3868, 2016 WL 3387748, at *3 (S.D.N.Y. June 17, 2016) ("Absent consideration, no contract is formed" and "all contracts must be supported by consideration[.]") (internal quotation marks omitted and alterations adopted); *Gross Mach. Grp. v. M.V. "Alligator Independence,"* No. 91-CV-0460, 1993 WL 77326, at *1 (S.D.N.Y. Mar. 17, 1993) ("To be enforceable, a contract must be supported by valid consideration." (quoting *Banque Arabe et Internationale D'Investissement v. Bulk Oil (USA) Inc.*, 726 F. Supp. 1411, 1419 (S.D.N.Y. 1989)) (internal quotation marks omitted)). As the Court has already noted, a factual dispute exists as to whether Defendant had a pre-existing duty to provide reasonable compensation to Plaintiff for the Patient's services, meaning that at this stage the Court cannot say as a matter of law that Plaintiff "waived any pre-existing legal obligation by [Defendant] to make payment to which Plaintiff alleges entitlement." (Def.'s Reply Mem. for Summ. J. 6.)

Second, Defendant argued that the pre-existing duty rule does not apply because the care was non-emergent, rendering EMTALA inapplicable. (*Id.* 6–7.) The Court addressed this argument in its previous Opinion, concluding that a genuine dispute of material fact exists as to

whether the Patient's care was emergent or not. *Hudson Neurosurgery*, 2025 WL 2708398, at *7. Defendant does not reraise this issue in its Motion for Reconsideration.

Finally, Defendant asserted that "even if the pre-existing duty rule applied, an exception governs the facts here" because "a pre-existing debt can serve as consideration for a promise to pay the debt." (Def.'s Reply Mem. for Summ. J. 7.) Although this statement of the law is correct on its face, neither of the cases Defendant cites in support of this proposition is directly on point or controlling over the present dispute. (*See* Def.'s Reply Mem. for Summ. J. 7 (citing *Baskin-Robbins Inc. v. S & N Prinja, Inc.,* 78 F. Supp. 2d 226 (S.D.N.Y. 1999) and *CIBC Bank & Tr. Co. (Cayman) Ltd. v. Banco Cent. Do Brasil*, 886 F. Supp. 1105 (S.D.N.Y. 1995)).) The first, *S & N Prinja, Inc.,* 78 F. Supp. 2d 226, addressed whether a written promise to pay a past debt constitutes sufficient consideration to create a "new enforceable promise" where a previous "claim [was] untimely under the [contract]." *Id.* at 231.[1] In the second, *CIBC Bank & Tr. Co. (Cayman) Ltd.*, 886 F. Supp. 1105, the court recognized that "[i]n most instances, this [exception to the pre-existing duty] doctrine is used when the original debt has become uncollectible due to a statute of limitations," but determined that the exception could nevertheless apply to a written promise to pay interest on an existing contractual debt obligation. *Id.* at 1112. Thus, although *CIBC* does support the proposition that "[u]nder New York law, a written acknowledgement by a debtor of a pre-existing debt is independently enforceable without additional consideration," *id.*, it is not at all clear that the court's reasoning on the facts at issue in *CIBC* governs the present

[1] This accords with the traditional exception to the pre-existing duty rule in cases where a debt has become uncollectible because of a statute of limitations or some other reason. *See, e.g.*, *United States v. Glens Falls Ins. Co.*, 546 F. Supp. 643, 645 (N.D.N.Y. 1982) ("[I]f a debtor makes a new promise to his creditor to pay a debt that has already become unenforceable by operation of a statute of limitations, the promise is enforceable, without any new consideration, in accordance with its own terms. It is supported by the past consideration.") (internal quotation marks omitted).

dispute. And even if the Court were to accept the exception to the pre-existing duty rule recognized in *CIBC*, it is also true that "an offer to settle for less than a plaintiff's outstanding claim does not constitute an acknowledgement [of a pre-existing debt] because it is conditioned on the plaintiff's agreement to accept less than the full amount of the outstanding debt." *Tacon v. Cromwell*, No. 23-CV-8100, 2024 WL 4275625 at *11 (S.D.N.Y. Sept. 24, 2024) (internal quotation marks omitted) (quoting *Lucesco Inc. v. Republic of Argentina*, No. 16-CV-7638, 2017 WL 3741342, at *5 (S.D.N.Y. Aug. 8, 2017)). The SCA here thus does not constitute acknowledgment of the pre-existing debt, and Defendant fails to establish that the Court "overlooked controlling decisions . . . that were put before it on the underlying motion." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (internal quotation marks omitted). These cases, although not without relevance to the present dispute, do not clearly establish that the SCA was supported by valid consideration and therefore negates any pre-existing duty that Defendant may have had under EMTALA.

Turning to Defendant's present motion, Defendant again argues that the consideration supporting the SCA was not "voided or mooted by an alleged pre-existing duty to provide care." (Def.'s Reply 3.) In support of this argument, Defendant contends that the statutory language of EMTALA "does not . . . provide a duty for the insurer to pay the reasonable amount for that care." (*Id.* (internal quotation omitted).) Instead, Defendant argues that "the seminal case of *Wellcare* . . . make[s] clear only that an insurance company is unjustly enriched if it fails to pay the hospital in full for the costs incurred in rendering the necessary treatment to the insurer's enrollees." (*Id*. (internal quotation omitted).) These arguments were raised by Defendant in its Motion for Summary Judgment. (*See* Def.'s SJ Mem. 14 (quoting from *Wellcare*).) The Court addressed and considered *Wellcare* in its analysis, finding the reasoning and holding of that case

persuasive and applicable to the present case. *Hudson Neurosurgery*, 2025 WL 2708398, at *6. The Court nevertheless concluded that Plaintiff's ability to bring an unjust enrichment claim turns on whether Plaintiff's surgery was elective or emergent under EMTALA. *Id.* at *7.

Defendant also points to an out of circuit case, *Elrod v. WakeMed*, No. 21-CV-2203, 2023 WL 1256601, at *5 (4th Cir. Jan. 31, 2023), for the proposition that "[e]ven if EMTALA imposes a pre-existing duty, the [P]arties' agreement does not fail based upon the lack of consideration and is enforceable." (Def.'s Reply 4.) That case, however, concerned the scope of a pre-existing duty with respect to the provision of medical care, not the pre-existing duty of an insurance provider to reasonably compensate a medical provider for the provision of emergent medical care. *Elrod*, 2023 WL 1256601, at *4–5. And in any event, *Elrod* is not controlling law in this Court and Defendant did not cite to this case in its original Motion for Summary Judgment. In a motion for reconsideration, a movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the [C]ourt." *Indergit*, 52 F. Supp. 3d at 523. Once again, to the extent Defendant disagrees with this Court's analysis and seeks to introduce new legal arguments in favor of its position by pointing to persuasive case law, other avenues exist for raising such arguments. Defendant's disagreement with the Court's analysis is not "a basis for reconsideration." *Bryant*, 2017 WL 2954764, at *2.

Finally, in both its Motion for Reconsideration and its Reply Memorandum, Defendant points to a prior decision of this Court, *Hudson Neurosurgery, PLLC v. UMR, Inc.*, No. 20-CV-9642, 2023 WL 6311218 (S.D.N.Y. Sept. 28, 2023). That case stands only for the proposition that a "plaintiff may not recover under quasi-contract claims such as unjust enrichment where an enforceable contract governs the same subject matter." *Id*. at *6. The Court recognized as much in its prior Opinion in this case, but determined that the factual dispute as to EMTALA's

applicability to the Patient's care precludes the conclusion at this stage that an enforceable contract in facts governs this dispute and therefore bars Plaintiff's unjust enrichment claim. *Hudson Neurosurgery*, 2025 WL 2708398, at *3, 7.

## II. Conclusion

For the foregoing reasons, Defendant's Motion is denied. The Clerk of Court is respectfully directed to terminate the pending Motion at Dkt. No. 48.

SO ORDERED.

Dated: September 18, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge